IGNACIO FLORES LORENZO, Petitioner and Appellee, v. BOARD OF EXAMINERS OF ENGINEERS, ARCHITECTS AND SURVEYORS, Respondent and Appellant.

No. 4840. Argued February 4, 1929.—Decided March 5, 1929.

*The Attorney General* and *Felipe Janer* for the appellant. *José Sabater* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A judgment in this case was rendered against the defendant by the District Court of Mayagüez on August 28, 1928, and this appeal was taken on the 5th of the following September. On the 10th of September the appellant moved that the court order the stenographer to prepare a transcript of the record and the court sustained the motion. The time allowed was extended and within the extension the stenographer filed a transcript containing not only the evidence but the pleadings, all certified to by him as exact. Four copies

of the transcript were made and certified, the original and one copy being filed in the office of the clerk of the court and the other two copies being sent to the plaintiff and the defendant. It was submitted to the trial judge who approved it on November 12, 1928, and in that form it was filed in the office of the secretary of the Supreme Court on the 8th of December.

On the 15th of the same month the appellee moved for dismissal of the appeal because "in accordance with Rule 40 of the Supreme Court the appellant should have filed a copy certified to by the clerk of the lower court or by the attorneys for the parties—besides filing the transcript of the evidence—of the judgment roll within thirty days after the approval of the transcript of the evidence certified to by the stenographer, and this has not been done . . . . because he has improperly caused the pleadings to be included in the transcript of the evidence certified to by the stenographer, and expects the said transcript of the evidence to constitute the entire record on appeal."

On the 4th of February the motion to dismiss was heard. Only the appellant appeared and presented a certificate issued by the clerk of the District Court of Mayagüez to the effect that in the transcript of the evidence prepared in the case by the stenographer are transcribed on the pages mentioned the pleadings, orders, judgment, etc., which are detailed and appear in the record in his custody.

We entirely agree with the appellee that the stenographer is not the official authorized to certify the pleadings, but we do not agree that the appeal should be dismissed.

The transcript was filed in this court within the statutory period. It is true that a part of the record was not duly authenticated, but that is an error susceptible of correction and not an absolute abandonment. In such a case the appeal should not be dismissed if the appellant corrects the defect in time or endeavors in good faith to make the correction.

Was the defect in question corrected by the certificate of the clerk presented at the hearing on the motion to dismiss?

The fact that there remained in the office of the clerk a copy of the transcript of the stenographer including the pleadings certified to by the clerk in the manner stated, without any objection by the adverse party, would be sufficient perhaps for accepting the certificate and considering the defect corrected. However, we believe that the correctness of the procedure requires that the certificate of the clerk should not appear isolated, but at the foot of the documents authenticated, and for this purpose the appellant is allowed a reasonable time for filing it.

The motion to dismiss is overruled and the appellant is allowed until the 20th of March for filing the certificate.